ROBERT F. BROWN and GLORIA J. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 35601-85.
United States Tax Court
T.C. Memo 1986-591; 1986 Tax Ct. Memo LEXIS 11; 52 T.C.M. (CCH) 1198; T.C.M. (RIA) 86591; December 22, 1986. Robert F. Brown, pro se. Robert B. Dugan and Anthony A. Falzone, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a net deficiency in the 1982 income tax of petitioners, husband and wife, in the amount of $738 (after "additional withholding" of $52) together with additions to tax in the amounts of $40 under section 6653(a)(1) and 50 percent of interest due on $601 under section 6653(a)(2), IRC 1954. The deficiency was based upon four principal items: (a) failure to include $4,008 wages in gross income; (b) an increase (in petitioners' favor) of $149 in respect of the deduction for employee business expenses; (c) the allowance (in petitioners' favor) of a $200 marital deduction; and (d) the disallowance, to the extent of $3,577 of Schedule A itemized deductions. *12 There is no dispute that petitioners' return failed to include in their gross income $4,008 wages (with $52 tax withheld) received by Mrs. Brown. Nor is there any dispute in respect of item (c) above, the marital deduction. However, items (b) and (d) consisted of numerous components, and the controversy between the parties revolved around a number of such components. As to item (b), employee business deductions, it appears that Mr. Brown is an "outside salesman", and petitioners' return claimed a number of deductions aggregating $12,985, consisting of such components as fares, meals and lodging, auto expenses, telephone, and sales promotion. Upon audit of petitioners' return, adjustments were made to some of these components with a resulting net increase of $149 in petitioners' favor. In this Court, they have alleged error (in an attachment to the petition) in respect of the Commissioner's treatment of expenses claimed in respect of auto expenses, telephone expense, and sales promotion. In their view, there should have been a net increase in such allowable deductions substantially greater than $149. As to item (d), itemized deductions, disputed components included real estate *13 taxes, mortgage interest, and medical expenses. The petition did not assign any specific error as to any particular itemized deductions. On June 30, 1986, the parties were served with notice that this case was set for trial at the Trial Session in Boston, beginning on September 29, 1986. When the trial calendar was called on September 29, 1986, it became clear to the Court that the parties had not entered into a stipulation of facts as required by our Rule 91, and we were satisfied that Government counsel had made good faith efforts to comply with that rule but had encountered difficulties with petitioners. In spite of failure to comply with Rule 91, we nevertheless set the case for trial on October 3, 1986. However, it did appear to us that a chambers conference might be useful either in bringing the case within manageable bounds, or possibly even in assisting the parties in arriving at a settlement. Accordingly, we thereupon did meet in chambers with petitioner husband (who represented both petitioners and is hereinafter referred to as petitioner) and Government counsel. We proceeded to consider with the parties each item of the deficiency, and all the components of every *14 item, to determine to what extent the parties were in agreement in respect of each matter, and to explore with them the possibility of arriving at an agreement as to any matter on which they were not then in agreement. The conference was concerned largely with, or indeed almost entirely with, considering petitioners' entitlement to various deductions in controversy. Since the burden of proof was upon petitioners with respect to every deduction sought by them, we made it clear to petitioner that unless he was prepared to present evidence to the Court at the trial to show that petitioners were entitled to a particular deduction in excess of the amount that the Government was willing to allow, decision would inevitably have to go against them to that extent, and that there would be no point to having a trial in respect of any such deduction. Petitioner raised certain new issues at the conference -- as to entirely new deductions not theretofore claimed either in the pleadings or at any prior negotiation with Government counsel. Although Government counsel could have objected to considering any such newly claimed deductions, they nevertheless expressed a willingness to consider them *15 and to allow them to the extent that petitioner presented to them reasonably satisfying proof. After a protracted conference, it was then agreed that the parties would meet out of our presence and endeavor to reach a settlement. We were informed ultimately that a settlement had been reached as to all items, components thereof, and even the new matters raised by petitioner. We accordingly went on the bench, and Government counsel took the precaution of reading into the record the precise amount of the agreement as to each item, each component, and each matter that had up to that time been raised by petitioners. As Government counsel recited the agreement as to each such item, component, or matter, the Court inquired of petitioner whether he assented thereto, and his answer was uniformly in the affirmative.Out of an abundance of caution, we had made it clear to petitioner that we were prepared to hear evidence presented by him to establish that petitioners were entitled to any increase in deductions beyond what Government counsel had agreed to allow. It was our understanding that he had no such evidence to present at that trial session in Boston, and there was no request for a continuance *16 to a later session. It was our impression that Government counsel had been unusually cooperative and had gone far to concede certain amounts as deductible in an obvious attempt to bring to a conclusion a case involving a comparatively small amount of revenue and numerous claimed deductions where the evidence presented to it, at least as to some of the claimed deductions, was thought to be murky at best. Indeed, the Government conceded in toto the so-called negligence penalties previously determined under section 6653(a)(1) and (2), notwithstanding that petitioners had knowingly omitted on their return without justification the reporting of $4,008 in wages received by petitioner's wife. [1] Petitioner, on the other hand, was obviously attempting vigorously to obtain a settlement in which there would be no deficiency to pay. At the conclusion of the hearing, we made the following inquiry: THE COURT: Is there anything else, any other item involved in this case upon which evidence could be presented to this Court? My understanding in Chambers *17 was that there was none that remains. * * * Respondent's counsel agreed. Petitioner attempted at that point to make some statement, but we pressed him for an answer: THE COURT: Well, I want you to answer this question, please, because I want to know whether I have any evidence to hear in this case beyond what the parties have agreed to. Can you answer me whether or not there is -- that these agreements cover everything? MR. BROWN: They do cover everything, Your Honor, that we discussed in the Chambers. I just wish -- THE COURT: But does it cover everything on which you are prepared to present any evidence? MR. BROWN: Yes, sir. * * * There thereupon remained only the computation of the amount of deficiency that would result as a consequence of the numerous agreements reached by the parties. The Court then ordered the Government "to file with the Court within 30 days its computation based upon the agreements that have been reached by the parties as thus stated this morning", and it gave petitioner "20 days thereafter within which to indicate any objections to any part of the computation that is made by the Government". The Court then made the further final comment *18 to emphasize to petitioner what remained to be done in the case: I now call the Petitioners' attention as clearly as I can to the limited scope of what will be before him and before me, and that is merely a computational matter, and the case will not be open to further changes in terms of this deduction or that deduction or what is to be included in income or what is not to be included in income. Those matters have all been settled by the parties. The only thing that remains is a computation, and unless the Petitioner points out to me in what respects the Government's computation is erroneous, I will undoubtedly enter my decision in accordance with that computation, whatever that may be. In accordance with the Court's instructions, the Government filed its computation on October 30, 1986, disclosing a deficiency in the amount of $466 and no additions to tax. On November 26, 1986, we received a communication from petitioner, in which he bitterly attacked the IRS, suggesting that it was "taking lessons from the KGB", and attempted to raise at least one entirely new issue (a possible deduction for child-care costs). He complained that he had been "forced" to concede certain items *19 "because my case was the only case left over for the day". His statement that he was "forced" to concede any items is totally untrue, certainly as to any participation by the Court that was undertaken only to assist in the manageable conduct of the litigation either through a trial properly focused on the matters in controversy or through a settlement. Petitioner did, however, correctly point out that the Government's computation had failed to take into account any credit for the $52 withholding from his wife's wages. In an amendment to its response, the Government agreed to a modification of its computation in petitioners' favor to that extent. The agreement between petitioner and Government counsel was entered into after extensive and painful examination of each of numerous items, sub-items, etc. Regardless of whether a settlement can or should be set aside in other circumstances in other cases, we are satisfied that there was a clear and fairly arrived at agreement between the parties. The Court has expended considerable effort on behalf of both parties, and it would be an abuse of our processes to ignore a valid agreement thus reached. This is not a case where the parties *20 have merely informed the Court that some undisclosed "basis" had been reached by them, and where they were given time by the Court within which to file a definitive statement as to the amount of deficiency, if any, to be fixed by the Court in its decision. In such circumstances, when the amount of the deficiency, if any, is finally computed upon translating the basis into dollars and cents, a party may prefer to try the case, presenting evidence in support of any factual matters properly in controversy and arguments as to any legal matters properly in issue. If such party then refuses to join with the other party in filing any agreed definitive statement of "agreed decision", it has been the Court's practice to treat the previously announced "basis" merely as a tentative settlement and to restore the case to the general docket for future calendaring for trial on the merits. In sharp contrast, in the present case there are no legal issues involved. We clearly informed petitioner that we were prepared to hear evidence on any item in respect of which petitioner had any evidence to present that would entitle petitioners to more favorable treatment than Government counsel had been willing *21 to concede. The amount of allowable deduction in respect of each matter then before the Court was unambiguously agreed to in a hearing in open court, and we had been given plainly to understand that petitioner was not prepared to present any evidence in respect of any deductions sought by petitioners beyond what had been agreed to in open court. Any further proceeding at that point would have been futile and a waste of the Court's time. If petitioner were permitted to back out from any such clearly arrived at agreement of settlement, either by claiming an entirely new deduction not previously in issue, or by claiming additional amounts for deductions already agreed to under the circumstances described above, it would make a mockery of the judicial process. We will not countenance any such games being played with the Court. Decision will be entered in accordance with the respondent's revised computation.
Footnotes
1. Petitioner himself had admitted in an attachment to the petition that he "knew" that he was "not reporting [his] wife's income".↩